UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re:<br><br>HARVEY HERNANDEZ,<br><br>　　　　　　　Debtor.<br>_____<br>VANESSA HERNANDEZ-DOLAN,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>HARVEY HERNANDEZ,<br><br>　　　　　　　Defendant.<br>_____ | Case No. 10-26989-RAM<br><br>Chapter 7<br><br><br>Adversary Proceeding<br><br>No.: _____ |

## COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF CERTAIN DEBT PURSUANT TO 11 U.S.C. § 523(a)(5)

COMES NOW, Vanessa Hernandez-Dolan, individually ("Plaintiff"), by and through undersigned counsel, and sues the Debtor, Harvey Hernandez ("Defendant"), pursuant to 11 U.S.C. § 523(a)(5) and in support alleges:

### I. PARTIES AND JURISDICTION

1.　　This Court has jurisdiction of this core proceeding under 28 U.S.C. §§157(b)(2)(I) and (J).

2.　　This is an action objecting to the dischargeability of certain debt pursuant to 11 U.S.C. § 523(a)(5).

3.　　Harvey Hernandez is the debtor in this case ("Defendant," as previously defined), and resides in Miami-Dade County, Florida and is *sui juris*.

## II.  GENERAL ALLEGATIONS

4. On June 16, 2010, the Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code ("Petition").

5. The §341 meeting of creditors was scheduled for July 23, 2010 at which time it was concluded.

6. Pursuant to Federal Rule of Bankruptcy Procedure 4004(b), a creditor has sixty (60) days from the first date set for the meeting of creditors within which to file a complaint objecting to the dischargeability of certain debt and/or to object to the Debtor's discharge. Thus, the deadline to file a complaint is September 21, 2010, except as provided for in 11 U.S.C. § 523(c) and Federal Rule of Bankruptcy Procedure 4007, upon which Plaintiff relies.

7. Prior to the filing of the Petition and on September 16, 2005, Plaintiff and Defendant entered into a Mediated Marital Settlement Agreement ("Marital Agreement") to settle the dissolution of marriage case, Case No. 04-23562 FC 12.

8. A true and correct copy of the Marital Agreement is incorporated by reference herein and attached hereto as Exhibit "A."

9. Prior to the filing of the Petition and on November 14, 2005, the Defendant and the Plaintiff's marriage was dissolved pursuant to that certain Final Judgment of Dissolution of Marriage ("Final Judgment of Dissolution").

10. A true and correct copy of the Final Judgment of Dissolution is incorporated by reference herein and attached hereto as Exhibit "B."

11. The parties agreed to amend the Marital Agreement and such amendment is incorporated by reference herein and attached hereto as Exhibit "C." The Marital Agreement and the amendment attached as Exhibit C shall be referred to as the "Amended Marital Agreement."

12. All conditions precedent to the filing of the instant action have occurred, were fulfilled or otherwise waived as a matter of law.

### III. OBJECTION TO DISCHARGEABILITY OF CERTAIN DEBT

#### COUNT I
#### Objection to Dischargeability of the Debt
#### [11 U.S.C. § 523(a)(5)]

13. Plaintiff incorporates by reference and realleges paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. Pursuant to 11 U.S.C. § 523(a)(5), a discharge under section 727 does not discharge an individual debtor from any debt for a "domestic support obligation."

15. Pursuant to 11 U.S.C. §101(14A), it is provided in pertinent part that the term "domestic support obligation:"

> means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankrupty law notwithstanding any other provision of this title, that is –
>
> (A) owed to or recoverable by –
>   (i) a former spouse;
>
> (B) in the nature of alimony, maintenance, or support of such former spouse without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on, or after the date of the order of relief in a case under this title, by reason of applicable provisions of—
>
>   (i) a separation agreement, divorce decree, or property settlement agreement
>
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the former spouse for the purpose of collecting the debt.

16. The Defendant is an individual debtor under 11 U.S.C. § 523(a)(5).

17.     The Plaintiff is a former spouse under 11 U.S.C. § 523(a)(5) and pursuant to the Final Judgment of Dissolution.

18.     The obligations pursuant to the Amended Marital Agreement, which are accruing and which have accrued subsequent to June 16, 2010 pursuant to and in accordance with the Amended Marital Agreement (collectively, the "Debt") are non-dischargebale pursuant to 11 U.S.C. § 523(a)(5).

19.     The Debt constitutes "domestic support obligations" as defined in 11 U.S.C. § 101(14A) and comply with all the elements set forth above.

20.     Specifically, the Debt owed by Defendant to Plaintiff under the Amended Marital Agreement constitutes a debt that accrues before, on, or after the date of the order for relief, including interest that accrues on that debt as provided under applicable nonbankrupty law, as well as attorneys' fees and costs.

21.     The Debt is owed to or recoverable by Plaintiff who is his former spouse.

22.     The Debt is in the nature of alimony, maintenance, or support of Plaintiff as his former spouse.

23.     The Debt is/was established before, on, or after the date of the order of relief by reason of applicable provisions of the Amended Martial Agreement, which constitutes a separation agreement, divorce decree, or property settlement agreement.

24.     The Debt was not assigned to a nongovernmental entity.

25.     Accordingly, the Debt owed to the Plaintiff is not dischargeable pursuant to 11 U.S.C. § 523(a)(5).

26.     Plaintiff is entitled to attorney's fees and costs for bringing forth this action against Defendant.

WHEREFORE, Plaintiff pleads that the Court enter a judgment against the Defendant granting Plaintiff's objection pursuant to 11 U.S.C. § 523(a)(5) to the dischargeability of the Plaintiff's Debt arising from the Amended Marital Agreement, and entering a judgment against the Defendant for damages, post-judgment interest, attorneys' fees and costs, and any such other relief as this Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1 (A).

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served by U.S. Mail upon Debtor/Defendant Harvey Hernandez, 5140 Riviera Drive, Coral Gables, FL 33146 and Debtor/Defendant's counsel, D. Jean Ryan, Esq., P.O. Box 561607, Miami, FL 33256 on this 21st day of September, 2010.

Respectfully submitted,
GRAYROBINSON, PA
1221 BRICKELL AVENUE, SUITE 1600
Miami, Florida 33131
Tel: 305-416-6880
Fax: 305-416-6887
Ileana.christianson@gray-robinson.com

By: ___/s/ Ileana E. Christianson___
Robert Schatzman
Fla. Bar. No. 0139008
Ileana E. Christianson
Fla. Bar. No.: 673366